UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARIO OHOA CASTRO,

    Petitioner,

v.

WARDEN J. HOLLINGSWORTH, et al.,

    Respondents.

Civ. No. 13-7213 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He brings a *pro se* petition which seeks a writ of mandamus under 28 U.S.C. § 1361[1] as well as habeas relief pursuant to 28 U.S.C. § 2241(c)(3).[2] He seeks a writ of mandamus so that he can get treatment for his eyes as he states that he is going blind in both eyes after cataract eye surgery was unsuccessful.

## II. DISCUSSION

A. Mandamus

"The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "A party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he

---

[1] Section 1361 states that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[2] Section 2241(c)(3) states that, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

desires,' and must show that the 'right to the issuance of the writ is clear and indisputable.'" *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n.6 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980))). "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.'" *Id.* at 84 (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), *rev'd on other grounds*, 418 U.S. 166 (1974)). "Even where this burden is met, the court has discretion to deny the writ, 'even when technical grounds for mandamus are satisfied.'" *Bango v. Green-Allen*, No. 10-6180, 2011 WL 9500, at *3 (D.N.J. Jan. 3, 2011) (quoting *Coombs v. Staff Attorneys*, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)).

In seeking a writ of mandamus under § 1361, petitioner relies on 18 U.S.C. § 3622(a)(3), which states as follows:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of . . . obtaining medical treatment not otherwise available.

18 U.S.C. § 3622(a)(3).

In *In re Radcliff*, No. 12-1444, 2012 WL 5974172, at *1 (10th Cir. Nov. 28, 2012), the Tenth Circuit denied a petitioner's petition for writ of mandamus. It found that § 3622 was clear in giving authority to grant a temporary release under the statute to the Bureau of Prisons.

2

Furthermore, the court noted that, "[n]umerous courts have agreed that this provision gives authority over temporary-release decisions 'to the Bureau of Prisons, not the federal courts." *Radcliff*, 2012 WL 5974172, at *1 (citing *United States v. Premachandra*, No. 95-2871, 1996 WL 102567, at *1 (8th Cir. Mar. 8, 1996) (per curiam) (unpublished); *United States v. Clark*, No. CR 10-50015-02-JLV, 2012 WL 4324910, at *1 (D.S.D. Sept. 20, 2012); *United States v. Padilla*, No. CR 09-3598 JB, 2012 WL 2175749, at *3 (D.N.M. May 31, 2012)).  Ultimately, the Tenth Circuit determined that it was up to the Bureau of Prisons to determine *in its discretion* whether the petitioner should be granted a temporary release under § 3622.  *See id.*, *see also Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006) (per curiam) ("Groppi does not have a constitutional right to receive a furlough.") (citations omitted); *United States v. Grass*, 561 F. Supp. 2d 535, 537 (E.D. Pa. 2008) (stating that decision under § 3622 is one for the sole discretion of the Bureau of Prisons).  Accordingly, as the Bureau of Prisons has discretion under § 3622 to grant petitioner's furlough request, it cannot be said that it owes petitioner a clear non-discretionary duty that is a required element to grant a mandamus petition.  Thus, petitioner is not entitled to a writ of mandamus as he has not stated a clear non-discretionary duty that is owed to him by the Bureau of Prisons.

  B.  <u>Habeas Corpus</u>

As previously stated, petitioner does not only rely on the mandamus statute in seeking relief.  Indeed, he also seeks habeas relief pursuant to 28 U.S.C. § 2241(c)(3).  With respect to screening the petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Petitioner claims that he is entitled to a total release if his constitutional federal rights stand uncorrected. (*See* Dkt. No. 1 at p. 5.) However, petitioner does not have a constitutional right to a furlough under § 3622(a). *See Groppi,* 208 F. App'x at 115. Furthermore, to the extent that the petition could be construed as claiming that petitioner is being denied adequate medical care as a prisoner, this is a challenge to the conditions of petitioner's confinement rather than a challenge to the validity of his conviction or length of his sentence. Such a challenge is appropriately brought in an action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as opposed to the habeas statute that petitioner invokes in the instant petition. *See Woodruff v. Williamson*, 362 F. App'x 263, 266 (3d Cir. 2010) (per curiam); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence

4

or undo his conviction, [a civil rights action] is appropriate."). Accordingly, petitioner's reliance on § 2241 is also improper under these circumstances.

###    III.    CONCLUSION

For the foregoing reasons, the petition for writ of mandamus and/or for writ of habeas corpus shall be dismissed and this case shall be closed. However, petitioner shall be given time to submit a *Bivens* complaint under this same civil action number should he so choose. If petitioner elects to file a *Bivens* complaint, he should either pre-pay the $400 filing fee or submit an application to proceed *in forma pauperis*.


DATED: January 10, 2014

                                              s/Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge