UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MARIO OHOA CASTRO,                      :
                                        :
            Petitioner,                 :   Civ. No. 13-7213 (RBK)
                                        :
       v.                               :   **OPINION**
                                        :
WARDEN J. HOLLINGSWORTH, et al.          :
                                        :
            Respondents.                :
_____     :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. Plaintiff seeks medical attention to treat his eyes as he alleges that he is going blind in both eyes.

Petitioner neither paid the filing fee nor submitted an application to proceed *in forma pauperis* at the time he filed his petition. Normally, such an omission would have resulted in an administrative termination of this action until petitioner either paid the filing fee or submitted an application to proceed *in forma pauperis*. However, recognizing the potential severity of petitioner's medical claim, the Court screened the petition on the merits. On January 14, 2014, the Court dismissed this action as being improperly raised as a mandamus and/or habeas petition, but gave petitioner leave to file a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Presently pending before the Court is petitioner's motion to amend/alter the January 14, 2014 Opinion and Order. Accordingly, the Clerk will be ordered to reopen this case. For the

1

following reasons, petitioner's motion to alter the January 14, 2014 Opinion and Order will be denied.

## II.  BACKGROUND

Petitioner sought mandamus and habeas relief so that he could get outside treatment for his eyes while incarcerated at a federal prison. He claims that he is going blind in both eyes after cataract eye surgery was unsuccessful. The Court previously determined that seeking mandamus relief was improper because the Bureau of Prisons had discretion under 18 U.S.C. § 3622 to authorize petitioner's furlough request. Thus, petitioner failed to state a clear non-discretionary duty that was owed to him by the Bureau of Prisons. (*See* Dkt. No. 2 at p. 3.)

The Court also determined that petitioner's reliance on habeas relief under § 2241 was improper because his petition challenged the conditions of his prison confinement with respect to the medical care he was receiving for his eyes, as opposed to a challenge to the validity of his conviction or length of his sentence. (*See* Dkt. No. 2 at p. 4.) The Court therefore dismissed the petition but gave petitioner leave to file a *Bivens* complaint.

Petitioner filed his motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). Petitioner claims that the Court erred by neglecting to consider petitioner's claim in his petition that this Court also has jurisdiction pursuant to 18 U.S.C. § 3626.

## III.  DISCUSSION

A. <u>Legal Standard for Reconsideration</u>

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for

reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).  To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

B. <u>Analysis</u>

Petitioner argues in his motion for reconsideration that the Court overlooked the fact that in addition to asserting mandamus and habeas jurisdiction, he also asserted jurisdiction pursuant to 18 U.S.C. § 3626[1] in his petition.  That section is entitled "Appropriate remedies with respect

---

[1] Section 3626 states as follows:

    (a) Requirements for relief. –

    (1) Prospective relief. – (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.
    (B) The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless –
        (i) Federal law requires such relief to be ordered in violation of State or local law;
        (ii) the relief is necessary to correct the violation of a Federal right; and

3

to prison conditions." *See id.* As the title to this section indicates, § 3626 is a remedies statute and does not, in and of itself, confer jurisdiction on this Court. Indeed, as the United States Court of Appeals for the Second Circuit has noted, "section 3626(a) limits not jurisdiction, but rather the types of remedies available once jurisdiction has been properly invoked." *Handberry v. Thompson*, 446 F.3d 335, 345 (2d Cir. 2006).

Besides Section 3626, petitioner only relied on the mandamus, § 1361, and habeas, § 2241, statutes to establish jurisdiction for his petition. However, as noted in the January 14, 2014 Opinion, the Court lacked mandamus and habeas jurisdiction in this case. Thus, petitioner could not rely only on Section 3626 because he had not properly invoked this Court's

---

        (iii) no other relief will correct the violation of the Federal right.
(C) Nothing in this section shall be construed to authorize the courts, in exercising their remedial powers, to order the construction of prisons or the raising of taxes, or to repeal or detract from otherwise applicable limitations on the remedial powers of the courts.

(2) Preliminary injunctive relief. – In any civil action with respect to prison conditions, to the extent authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph 1(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

jurisdiction because the two potential jurisdictional statutes petitioner alleged, mandamus and habeas, were improper.

Furthermore, while it appeared that the petition raised potential claims under *Bivens*, petitioner expressly noted that he did not want his petition recharacterized. (*See* Dkt. No. 1 at p. 6.) Therefore, the Court properly dismissed the petition because this Court lacked jurisdiction under the two jurisdictional statutes that petitioner invoked in the petition, specifically mandamus under § 1361 and habeas under § 2241. The Court did not recharacterize the petition as a *Bivens* complaint at that time given petitioner's statements in the petition that he did not want his petition recharacterized.[2] Nevertheless, the Court gave petitioner leave to file a *Bivens* complaint.

As Section 3626 did not on its own establish this Court's jurisdiction, petitioner fails to show that the Court's January 14, 2014 Opinion and Order should be amended. He has not shown "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted). Rather, the purported statute that petitioner claims the Court overlooked (§ 3626) is a remedies statute that would be potentially applicable to petitioner's claims once jurisdiction is properly established.

---

[2] It is also worth noting that petitioner previously filed a complaint with respect to the treatment (or lack thereof) for his eyes that was dismissed with prejudice. *See Castro v. United States*, No. 10-5199, 2010 WL 4810629 (D.N.J. Nov. 15, 2010), *aff'd by*, 448 F. App'x 167 (3d Cir. 2011) (per curiam). In affirming the dismissal in that case, the Third Circuit determined that even if petitioner had named individual federal officers as defendants, "dismissal still would have been appropriate because his claims alleged only negligence, not the deliberate indifference necessary to support an Eighth Amendment claim." *See Castro*, 448 F. App'x at 169 (citing *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999).

## IV.     CONCLUSION

For the foregoing reasons, the motion to amend/alter the January 14, 2014 Opinion will be denied. An appropriate order will be entered.


DATED:  March 6, 2014

                                                            s/Robert B. Kugler_____
                                                            ROBERT B. KUGLER
                                                            United States District Judge